UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07CV296-3-MU
(3:02CR182-4-MU)

| | |
|---|---|
| DARRIUS JAVRED YOUNG, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, Or Correct Sentence under 28 U.S.C. § 2255, filed on July 26, 2007, (Document No. 1), Respondent's Motion for Summary Judgment (Document No. 4), and Petitioner's Response to Respondent's Motion for Summary Judgment (Document No. 7). For the reasons stated herein, Respondent's Motion for Summary Judgment will be granted and the Petitioner's Motion to Vacate will be denied and dismissed.

**I. PROCEDURAL HISTORY**

The record reveals that Petitioner was indicted in a six-count indictment by the Grand Jury on July 9, 2002. Petitioner was charged in Count One with conspiracy to possess with intent to distribute five kilograms or more of cocaine and 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846; in Count Four with possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 841; in Count Five with using and carrying a firearm during

1

and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1); and in Count Six with knowingly concealing and storing a stolen firearm, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). (See 3:02cr182, Doc. No. 3.) On July 11, 2002 the Government filed an Information pursuant to 21 U.S.C. § 851, notifying Petitioner that the Government would rely on a previous drug felony for purposes of sentencing, which offense was a conviction for possession with intent to sell and deliver cocaine, for which Petitioner was convicted in the Superior Court of Mecklenburg County, North Carolina on or about November 29, 2001. (Id, Doc. No. 7.) Thereafter, on August 5, 2002 Petitioner was placed in federal custody based on a Writ of Habeas Corpus Ad Prosequendum issued by Magistrate Judge Horn. (Id, Doc. No. 17.) At the time of the Indictment, Petitioner was serving an 8 to 10 month revocation sentence in case number 01 CRS 012361, which sentence began on April 24, 2002 and expired in January 4, 2003. (See Ex. 5 to Motion for Summary Judgment, Statement of Judy Sills, Manager, Combined records.)

On February 23, 2004, Petitioner signed a plea agreement in which he pled guilty to the conspiracy charged in Count One. (See 3:02cr182, Doc. No. 126.) The parties also stipulated that the amount of cocaine base that was known to or reasonably foreseeable by Petitioner was in excess of 50 grams but less than 150 grams and that the base offense level for purposes of the United States Sentencing Guidelines was a level 32. (Id. ¶¶ 7 a and b.) Additionally, in exchange for "the concessions made by the United States," the plea agreement contained an explicit waiver of Petitioner's "right to contest the conviction and/or sentence through an appeal or post conviction" proceeding. This waiver did not apply, however, to claims based on prosecutorial misconduct, ineffective assistance of counsel or the sentence, but only to the extent Petitioner contested the sentence on the basis that "one or more findings of [Guidelines] were inconsistent with the explicit

2

stipulations contained in any paragraph of the plea agreement" or on the basis of an "unanticipated issue" which the district court certified to be of such an unusual nature as to require review by this Court. (Id.) On March 10, 2004, the district court, Magistrate Judge Ervin S. Swearingen presiding, conducted Petitioner's plea colloquy. (See 3:02cr182, Doc. No. 129.) During the colloquy, Judge Swearingen recited the charge to which petitioner was pleading guilty and the mandatory and maximum penalty applicable to the charge. (Id. at 3-4.) Petitioner acknowledged that he understood the charge against him and the penalty and further acknowledged that he understood that the applicable guideline range of imprisonment would not be calculated until after the presentence report ("PSR") had been completed by the probation office and that he would be bound by his plea, even if the sentence was more severe that he expected. (Id. at 4-5.) Petitioner affirmed that he was, in fact, guilty of the charge to which he was pleading guilty. (Id. a 6-7.) In reciting the terms of the written plea agreement, Government counsel specifically recited the drug quantity for which the parties agreed Petitioner was responsible and noted that the Agreement also contained an explicit waiver of Petitioner's right to appeal and to contest his conviction and/or sentence in a post conviction proceeding. (Id. at 7-9.) Petitioner affirmed that Government counsel had correctly stated the terms of the plea agreement. (Id. at 10.) The court then confirmed that Petitioner understood the waiver provisions in the plea agreement with respect to his right to appeal and to collaterally attack his sentence and conviction. The Court then accepted Petitioner's guilty plea. (Id. at 12.)

In preparation for sentencing, a PSR was prepared for the Court. Consistent with the stipulation in the plea agreement that between 50 and 150 grams of cocaine base was reasonably foreseeable to Petitioner, the probation officer calculated a base offense level of 32. The probation

3

officer recommended a two-level enhancement for possession of a firearm during the course of the conspiracy and a three-level reduction in offense level based on acceptance of responsibility, yielding a total offense level of 31. Based on an offense level of 31 and a criminal history category of III, the probations officer noted that the Guidelines range of imprisonment was between 135 and 168 months. However, based on the § 851 notice and Petitioner's prior conviction, Petitioner was subject to a mandatory minimum sentence of 240 months imprisonment. On August 17, 2004 Petitioner filed objections to the PSR, including an objection to the two-level enhancement based on possession of a firearm, because this fact had not been found by a jury beyond a reasonable doubt or admitted by the Petitioner, in violation of Blakely v. Washington, 542 U.S. 296 (2004).

During Petitioner's sentencing hearing on October 28, 2004, Petitioner withdrew his objection based on Blakely, noting that he and the Government had reached an agreement, pursuant to which the Government agreed to withdraw its § 851 notice, such that Petitioner would not be subject to a twenty-year mandatory minimum and Petitioner agreed to withdraw his Blakely objection. (Transcript of Sentencing Hearing at 3.) The parties agreed that the applicable Guidelines range of imprisonment was between 135 and 168 months, based on an offense level of 31 and a criminal history category III. (Id. at 3-4) The Court sentenced Petitioner to 135 months imprisonment on Count One followed by a five-year term of supervised release. The Government moved to dismiss Counts Four, Five and Six of the Indictment, which the Court granted. Judgment was entered on November 22, 2004 and following a motion to vacate the judgment pursuant to 28 U.S.C. § 2255, amended judgments were entered on September 21, 2005 and December 28, 2005. A notice of appeal was entered on Petitioner's behalf on January 4, 2005. On appeal, Petitioner challenged his sentence based on an erroneous offense level, a miscalculated criminal history and

error by the district court in treating the Sentencing Guidelines as mandatory in imposing the sentence. Pursuant to Petitioner's waiver of his appellate rights as part of his plea agreement, the Government filed a motion to dismiss, which motion was granted by the Fourth Circuit Court of Appeals in an Order filed on August 11, 2006. (See 3:02cr182, Doc. No. 167.)

On July 26, 2007 Petitioner filed the instant Motion to Vacate alleging an erroneous sentence and ineffective assistance of counsel. Specifically, Petitioner alleges that at the time he was indicted in the underlying criminal case, he was subject to an undischarged term of imprisonment in the State of North Carolina and that the conduct from his state conviction was used to enhance his current sentence in violation of U.S.S.G. § 5G1.3(b). (See Motion to Vacate at 4.) He argues that he was punished twice for the same conduct. Petitioner further claims that his state conviction constituted relevant conduct for his sentence herein, that such conduct was "'fully taken into account' in determining his federal offense level," (id. at 17), and relying on U.S. v. Dorsey, 166 F.3d 558 (3rd Cir. 1999), that § 5G1.3(b) requires that the Court "'run [his] federal sentence concurrently to [an] undischarged term of [a state] sentence' . . . Or to order that credit be given for time already served on [his] related state sentence prior to federal sentencing." (Motion to Vacate at 18.) Petitioner concludes that pursuant to § 5G1.3(b) eighteen months should be subtracted from his 135 month sentence. (Id. at 19.) Continuing his claim that he did not receive the benefit of § 5G1.3(b), Petitioner claims that his attorney, Danielle Bess Obiorah, provided ineffective assistance of counsel at sentencing by failing to bring this alleged error to the Court's attention.

## II. ANALYSIS

**A. Petitioner's Claim of an Erroneous Sentence is Procedurally Barred**

Petitioner claims that the Court failed to apply U.S.S.G. § 5G1.3(b) to his sentence and that if the Guidelines section had been appropriately applied, he would have received a shorted sentence. First, Petitioner did not raise this issue on appeal to the Fourth Circuit Court of Appeals. A claim raised for the first time in a § 2255 petition is generally not cognizable in federal courts. United States v. Landrum, 93 F.3d 122, 124 (4th Cir. 1996). "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621-22 (1998) In order to obtain review despite procedural default, Petitioner must demonstrate either "cause" and "prejudice" or actual innocence. Id. at 622. "[C]ause . . . requires a showing of some external impediment preventing counsel from constructing or raising the claim." Murray v. Carrier, 477 U.S. 478, 492 (1986); see also, Turner v. Jabe, 58 F. 3d 924, 927 (4th Cir. 1995). To establish prejudice, Petitioner must show "not merely that the errors in his trial created a _possibility_ of prejudice, but that they worked to his _actual_ and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." U.S. v. Frady, 456 U.S. 152, 170 (1982); see also, Hunt v. Nuth, 57 F. 3d 1327, 1340 (4th Cir. 1995). Petitioner offers no reason excusing his procedural default for not raising his claim of an erroneous sentence based on the district court's failure to apply § 5G1.3(b); therefore, such claim has been defaulted.

Next, as was previously noted, except for claims of prosecutorial misconduct and ineffective assistance of counsel, or some unusual sentencing issue, Petitioner waived his right to attack his conviction and sentence in a post-conviction proceeding, including a collateral attack pursuant to 28 U.S.C. § 2255.

The Fourth Circuit repeatedly has approved the knowing and voluntary waiver of a defendant's appellate rights.[1] Moreover, the Fourth Circuit has recently expanded the general rule concerning appeal waivers to hold that a defendant may waive in a plea agreement his rights to collaterally attack his conviction and sentence. United States v. Lemaster, 403 F.3d 216 (4th Cir. 2005). Because the Petitioner has not alleged or suggested that his Plea Agreement somehow is invalid, this Court finds that the Agreement's waiver provision is valid and fully enforceable, and that it stands as an absolute bar to the Petitioner's attempts to challenge his conviction and sentence on the ground that the Court failed to apply U.S.S.G. § 5G1.3(b).

Petitioner did not raise this issue on direct appeal, therefore the claim has been procedurally defaulted. Furthermore, pursuant to his plea agreement, Petitioner waived his right to attack his sentence and conviction except for claims of prosecutorial misconduct and ineffective assistance of counsel. Therefore, petitioner's claim that the Court erred in failing to apply § 5G1.3(b) is denied.

**B. INEFFECTIVE ASSISTANCE OF COUNSEL**

To succeed on a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance was constitutionally deficient to the extent that it fell below an objective standard of reasonableness, and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 687-91 (1984). In order to satisfy the performance prong, the Petitioner "must show that counsel's representation fell below an objective standard of reasonableness." Id. at 687-88. In making this

---

[1]. See, e.g. United States v. Blick, 408 F.3d 162, 172 (4th Cir. 2005); United States v. General, 278 F.3d 389, 399-401 (4th Cir. 2002); United States v. Brown, 232 F.3d 399, 402-406 (4th Cir. 2000); United States v. Brock, 211 F.3d 88, 92 n.6 (4th Cir. 2000); United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992); United States v. Davis, 954 F.2d 182, 185-86 (4th Cir. 1992); United States v. Wessels, 936 F.2d 165 (4trh Cir. 1991); and United States v. Wiggins, 905 F.2d 51, 52-54 (4th Cir. 1990) (defendant may waive right to appeal, just as he may waive more fundamental rights such as the right to counsel and the right to a jury trial.)

determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney Gen. Of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 865 (1985); Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983), cert. denied, 464 U.S. 1065. The prejudice prong is satisfied by showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

The petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297, citing Hutchins, 724 F.2d at 1430-31. If the petitioner fails to meet this burden, a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1290, citing Strickland, 466 U.S. at 697. Furthermore, in considering the prejudice prong of the analysis, the Court must not grant relief solely because the petitioner can show that, but for counsel's performance, the outcome would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998), cert. denied, 528 U.S. 855 (1999). Rather, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id., quoting Lockhart v. Fretwell, 506 U.S. 364 U.S. 364, 369 (1993).

Petitioner alleges that because he was subject to an undischarged term of imprisonment in the State of North Carolina at the time of his federal indictment and because the state conviction was counted as relevant conduct to enhance his current sentence, the district court erred in failing to apply U.S.S.G. § 5G1.3(b). Petitioner asserts that application of § 5G1.3(b) would entitle him to eighteen months credit on his 135 month sentence. Petitioner also alleges that his counsel was ineffective for not calling this error to the Court's attention.

The United States Sentencing Guidelines, Section 5G1.3(b) provides for the imposition of a sentence on a defendant which is subject to an undischarged term of imprisonment. Specifically, subsection (b) provides that where a term of imprisonment resulted from another offense that is relevant conduct to the offense of conviction and that was the basis for an increase in the offense level for the offense of conviction, the sentencing court "shall adjust the sentence for any period of imprisonment already served on an undischarged term of imprisonment . . .and . . .the sentence . . .shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment." U.S. Sentencing Guidelines § 5G1.3(b).

In this case, Petitioner was convicted in the Superior Court of Mecklenburg County of possession with intent to sell and deliver cocaine and sentenced to probation and a suspended term of 8 to 10 months imprisonment. Petitioner's probation was subsequently revoked because Petitioner violated the terms of his probation by failing to attend substance abuse treatment, absconding supervision, failing to report to the probation office as directed and failing to comply with the monetary conditions of his judgment. As a result of said violations, an active terms of 8 to 10 months imprisonment was imposed on April 24, 2002. According to the PSR, at the time Petitioner was arrested for this offense, on March 22, 2001, he was in possession not only of cocaine for which he was convicted, but also of three firearms, including an assault rifle, a .38 revolver, and a 9 millimeter handgun. According to Petitioner's record of incarceration in the North Carolina Department of Correction, he was discharged from incarceration due to his probation violations on January 4, 2003.

When considering this prior conviction for purposes of calculating the Guidelines range of imprisonment to which Petitioner would be subject, the PSR did not include any criminal history points as a result of this conviction, because it occurred during the course of the conspiracy to which

9

Petitioner was pleading guilty. Likewise, the PSR did not include an enhancement to Petitioner's offense level as a result of the possession with intent to sell and deliver cocaine for which he was sentenced in state court. The PSR did include a two-level enhancement for possession of a firearm during the course of the conspiracy, noting Petitioner's possession of three firearms at the time of his arrest on March 22, 2001, but this conduct was not conduct for which he was either convicted or sentenced to a term of imprisonment. Accordingly, although Petitioner complains that his sentence was enhanced based on the conduct for which he was serving an undischarged term of imprisonment at the time he was indicted in federal court, this is simply not an accurate statement. Petitioner was serving a sentence for violation of his probation imposed as a result of his conviction for possession with intent to sell and deliver cocaine and his sentence in the underlying criminal case in this Court was not enhanced on the basis of this conduct. Because Petitioner's state criminal conduct did not result in the enhancement of his sentence, § 5G1.3(b) does not apply to require a reduction in Petitioner's sentence. Moreover, the state sentence to which Petitioner cites was discharged on January 4, 2003 and Petitioner was sentenced in the instant underlying criminal case on October 24, 2004. Therefore, at the time of sentencing, Petitioner was not subject to an undischarged term of imprisonment.[2]

As shown above, § 5G1.3(b) is not applicable to Petitioner. Therefore, his counsel cannot be deemed ineffective for failing to raise an erroneous issue to the Court. Petitioner has not established

---

[2] The Court is aware that pursuant to 5G1.3, in the case of a discharged term of imprisonment, a downward departure is not prohibited if the defendant has completed serving a term of imprisonment and subsection (b) would have provided an adjustment had that completed term of imprisonment been undischarged at the time of sentencing for the instant offense. See U.S.S.G. 5G1.3, note 4. However, as explained in the Court's Order, in this case, 5G.13 is not applicable because Petitioner's prior state conviction was not the basis for an increase in his offense level for the instant offense.

either prong of the Strickland test, therefore, his claim that his counsel was ineffective for failing to raise the applicability of 5G1.3(b) with the Court at the time of sentencing must fail.[3]

### III. ORDER

**THEREFORE, IT IS HEREBY ORDERED** that Respondent's Motion for Summary Judgment (Document No. 4) is GRANTED and Petitioner's Motion to Vacate (Document No. 1) is denied and dismissed.

**SO ORDERED**.

Signed: October 23, 2007

Graham C. Mullen
United States District Judge

---

[3] The Court notes that due to counsel's advocacy, Petitioner received 135 months sentence verses the 240 mandatory minimum sentence he was facing.